# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

ALLEN LYNN PENN                                                                    PLAINTIFF


v.                                      NO. 4:05CV00695 JLH/HDY


LITTLE ROCK POLICE DEPARTMENT,                                        DEFENDANTS
CHIEF LAWRENCE JOHNSON, K. BATES,
LARRY DUNNINGTON, IVORY JONES,
and STEVE HARGIS


## FINDINGS AND RECOMMENDATION


## INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

On February 8, 1983, a service station and convenience store clerk by the name of Anthony Faherty ("Faherty") was shot and killed during the course of an armed robbery.  See Penn v. State, 284 Ark. 234, 681 S.W.2d 307 (1984).  Plaintiff Allen Lynn Penn ("Penn") was subsequently arrested and charged with Faherty's murder.  On September 21, 1983, Penn was convicted in Pulaski County, Arkansas, Circuit Court of Faherty's murder and sentenced to life in prison without parole.  See Penn v. State, 282 Ark. 571, 670 S.W.2d 426 (1984).  Penn appealed the judgment of conviction to no avail.  See Penn v. State, 284 Ark. 234, 681 S.W.2d 307 (1984).

Penn then filed a petition with the Arkansas Supreme Court seeking permission to proceed in the circuit court pursuant to Ark. R. Crim. P. 37.  His petition proved unsuccessful when the state Supreme Court denied the petition in June of 1986.  See Penn v. State, 1986 WL 7021 (Ark.S.Ct. 1986).

Penn alleges that in 1997, officers with the Little Rock Police Department ("Department") destroyed "all the [physical] evidence in [this] case."  See Document 2 at 4.  He alleges that the evidence included shotgun shell casings, fingerprints, and a piece of Plexiglass recovered from the scene of the murder.  He alleges that the piece of Plexiglass had blood on it-blood that belonged to the person who committed the murder.  Penn alleges that the blood on the Plexiglass was not his blood.

-3-

In 2001, the State of Arkansas adopted a statutory scheme entitled "New Scientific Evidence" whereby a person convicted of a crime could "make a motion for the performance of fingerprinting, forensic deoxyribonucleic acid testing, or other tests which may become available through advances in technology to demonstrate the person's actual innocence …" See Ark. Code Ann. 16-112-202(a)(1).  The motion could be made if both of the following conditions were met:

> (A) The testing is to be performed on evidence secured in relation to the trial which resulted in the conviction; and

> (2) The evidence was not subject to the testing because either the technology for the testing was not available at the time of the trial or the testing was not available as evidence at the time of trial.

See Ark. Code Ann. 16-112-202(a)(1)(A) and (B).

In February of 2004, Penn filed a motion for relief pursuant to the "New Scientific Evidence" statute.  He alleged in the motion that he did not murder Faherty and that his innocence would be established when scientific testing was performed on the physical evidence.  The presiding judge construed Penn's motion as one seeking state habeas corpus relief.  On February 8, 2005, the circuit court judge denied Penn's motion. The circuit court judge provided the following reasons for doing so:

> 1. The purported glass that [Penn] argues would contain DNA of the person whom [Penn] claims actually killed [Faherty] has not been produced.

-4-

2. The record does not demonstrate that such glass ever existed, and a piece of glass extracted from the victim was destroyed by the Little Rock Police Department in 1997, leaving no glass available for testing that was connected to this case.

3. Without anything to test, there cannot be re-testing pursuant to Act 1780 of 2001 [i.e., Ark. Code Ann. 16-112-201 through 207].

See Document 11, Exhibit D at 1.  Penn appealed the denial of his motion.  The Court does not know if the appeal is still pending.

In May of 2005, Penn commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 1983.  He alleged in his complaint that the defendants violated state law and his federal constitutional rights by destroying the physical evidence collected by the investigating police officers at the scene of Faherty's murder, thereby preventing Penn from ever establishing his innocence.  He sought a monetary award for the destruction of the evidence, specifically, $1,500,00.00 in damages.

In July of 2005, the defendants filed the pending motion to dismiss.  See Document 10.  They advanced several reasons for dismissing Penn's complaint, one of which was that the complaint failed to state a claim upon which relief can be granted.[1]

---

[1]

The defendants also maintained the following: (1) in accordance with the teachings of Younger v. Harris, 401 U.S. 37 (1971), the Court should abstain from entertaining this proceeding because to do otherwise would involve interfering with an on-going state court proceeding; and (2) in accordance with the teachings of Heck v. Humphrey, 512 U.S. 477 (1994), a judgment in Penn's favor would necessarily imply the invalidity of his conviction and a proceeding pursuant to 42 U.S.C. 1983 is not the appropriate means for doing so.  As the Court will demonstrate, there is no need to address those assertions.

In September of 2005, Penn submitted his response to the defendants' motion to dismiss.  He supported his response with what he purports to be a copy of the Department's policy on the final disposition of property.  He maintained that the defendants did not follow this policy in two respects: first, they destroyed the physical evidence used in his criminal prosecution without first notifying all interested parties that the evidence had been released and was scheduled for destruction; and second, the officers who destroyed the evidence did so without first obtaining the proper authorization.

In turning to address the defendants' motion to dismiss, the Court first considers their assertion that Penn's complaint should be dismissed for failure to state a claim.  A complaint should only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  See Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784 (8th Cir. 1979).  42 U.S.C. 1983 requires, in part, the plaintiff to allege that the wrongful conduct deprived him of "a constitutionally protected federal right."  See Kuha v. City of Minnetonka, 365 F.3d 590, 596 (8th Cir. 2003).  The violation of a state law, without more, does not give rise to the violation of a constitutionally protected federal right, see Chesterfield Development Corporation v. City of Chesterfied, 963 F.2d 1102, 1104 (8th Cir. 1992), and therefore "does not state a claim under the federal Constitution or 42 U.S.C. 1983," see Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993).

-6-

Penn alleges that the defendants' conduct violated his Fifth and Fourteenth Amendment rights to equal protection and due process.  Because he is challenging state action rather than federal government action, though, his claim, if he has one, arises not from the Fifth Amendment but rather from the Fourteenth Amendment.  See Warren v. Government Mortgage Association, 611 F.2d 1229 (8th Cir.), cert. denied, 449 U.S. 847 (1980).[2]

The Fourteenth Amendment provides, in part, that no state shall deprive a person of the equal protection of the laws or deprive a person of life, liberty, or property without due process of law.  With respect to equal protection, the United States Court of Appeals for the Eighth Circuit has stated the following:

> The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." Central Airlines, Inc. v. United States, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). It protects "fundamental rights," "suspect classifications," and "arbitrary and irrational state action." See Batra, 79 F.3d at 721. For example, "[t]he unlawful administration by state officers of a state statute fair on its face, resulting in unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." Batra, 79 F.3d at 721 (citations and internal quotation marks omitted). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." Batra, 79 F.3d at 722.

---

[2]

Warren provides that the Due Process Clause of the Fifth Amendment applies to the federal government and not private action.  Warren additionally provides that the Due Process Clause of the Fourteenth Amendment applies to the states.

See Brandt v. Davis, 191 F.3d 887, 893 (8th Cir. 1999).  Even according Penn's pro se complaint the liberal construction it is entitled to, it cannot be said that he has adequately alleged a Fourteenth Amendment equal protection claim.  He does not allege that the defendants selectively applied the Department's final disposition of property policy in a discriminatory manner.  He does not allege that their conduct infringed upon a fundamental right, was engaged in as a result of a suspect classification, or was otherwise arbitrary and irrational.  In sum, he has not alleged unlawful, purposeful discrimination on the part of the defendants.  For these reasons, his claim, if he has one, arises from the due process clause of the Fourteenth Amendment.

The due process clause of the Fourteenth Amendment generally has two components: a procedural component and a substantive component.  "To establish a procedural due process violation, a plaintiff must first demonstrate that he has a protected liberty or property interest at stake."  See Marler v. Missouri State Board of Optometry, 102 F.3d 1453, 1456 (8th Cir. 1996).  Second, he must prove that "he was deprived of such interest without due process of law."  See Id.  A substantive due process violation may be established in either of the following two ways:

> First, the state violates substantive due process when it infringes "fundamental" liberty interests, without narrowly tailoring that interference to serve a compelling state interest.  [Citation omitted]. Second, the state violates substantive due process when it engages in conduct that is so outrageous that it shocks the conscience or otherwise offends "judicial notions of fairness, [or is] offensive to human dignity."

-8-

See Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998).   The actions of the government must be "truly irrational, that is, something more than … arbitrary, capricious, or in violation of state law."   See Id. [Internal quotations omitted].

The Court confesses some difficulty in identifying the specific liberty or property interest at stake in this proceeding.[3]   It appears to be Penn's position that the Department's policy on the final disposition of property created some type of interest that benefitted him.   His position is problematic for two reasons.   First, he cited the policy for the proposition that all interested parties must be notified before property or physical evidence used in a criminal prosecution can be released.   The policy, however, contains no such provision.   Rather, the policy provides that the owners shall be notified, not all interested parties.   The Court doubts seriously that Penn is claiming to be the owner of the physical evidence used in his criminal prosecution.

---

[3]

A liberty interest arises when a state imposes substantive limitations on official discretion.   See Olim v. Wakinekona, 461 U.S. 238 (1983).   The key to determining whether a policy creates an enforceable liberty interest is found in the language of the policy.   See Kentucky Department of Corrections v. Thompson, 490 U.S. 454 (1989).   "[T]he most common manner in which a State creates a liberty interest is by establishing 'substantive predicates' to govern official decision-making, and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met."   See Forrester v. Bass, 397 F.3d 1047, 1055 (8th Cir. 2005) [quoting Kentucky Department of Corrections v. Thompson, 490 U.S. 462].

A property interest is created, and its dimensions defined, by "existing rules or understandings that stem from an independent source such as state law."   See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972).   A policy will give rise to a protected property interest only where "(1) it contains particularized substantive standards or criteria that guide the decisionmakers, and (2) it uses mandatory language requiring the decisionmakers to act in a certain way, thus limiting the official's discretion."   See Jennings v. Lombardi, 70 F.3d 994, 996 (8th Cir. 1995).

Second, he cited the policy for the proposition that property stored as evidence can only be released on the written authorization of the Chief of Police, the Prosecuting Attorney of the Sixth Judicial District, or a judge who has jurisdiction.  Again, the policy contains no such provision.  It instead provides that property stored as evidence may be released by those individuals; the policy does not provide that those individuals are the only ones who can release property stored as evidence.   The policy provides other methods for releasing property held as evidence.

Assuming, arguendo, that the policy created some type of interest that benefitted Penn, he was not deprived of any interest.   There is absolutely nothing to suggest that the defendants acted contrary to the policy.

Alternatively, it cannot be said that the defendants' conduct was so outrageous that it shocks the conscience, offends judicial notions of fairness, or is offensive to human dignity.  The physical evidence used in Penn's criminal prosecution was retained by the defendants for fourteen years and was destroyed four years before the adoption of the statutory scheme entitled "New Scientific Evidence."   These facts do not demonstrate some scheme on the part of the defendants to destroy physical evidence that might exonerate Penn.   It is also worth noting that, his protestations to the contrary, it is nothing more than sheer speculation to argue that he would have been exonerated had the physical evidence not been destroyed but been re-tested using some new technology.

-10-

On the basis of the foregoing, the undersigned recommends that the defendants' motion to dismiss should be granted.  Penn's complaint should be dismissed because he has failed to state a claim upon which relief can be granted.  Judgment should be entered for the defendants.

DATED this _____21_____ day of September, 2005.


_____
UNITED STATES MAGISTRATE JUDGE