**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ALLEN LYNN PENN                                                                                              PLAINTIFF

v.                                       No. 4:05CV00695 JLH

LITTLE ROCK POLICE DEPARTMENT,
CHIEF LAWRENCE JOHNSON, K. BATES,
LARRY DUNNINGTON, IVORY JONES,
and STEVE HARGIS                                                                                         DEFENDANTS

**OPINION AND ORDER**

The Court has received findings and a recommendation from Magistrate Judge H. David Young on the defendants' motion to dismiss (Docket #10) as well as the plaintiff's objections thereto. After *de novo* review of the record, the Court adopts the factual findings and standard of review as stated in the findings and recommendation but GRANTS the motion to dismiss only for the reasons contained herein. Judgment in favor of the defendants will be entered accordingly.

Plaintiff Allen Lynn Penn is currently serving a life sentence imposed by the state of Arkansas. Penn brings this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by improperly destroying potentially exculpatory evidence fourteen years after his conviction. Penn alleges that the destruction of this evidence contravened state law and police department property disposition policies. He alleges that the destruction of this evidence precluded him from exercising his right to re-test this evidence under Ark. Code Ann. § 16-112-202(a)(1) in an attempt to establish his actual innocence. Penn seeks only monetary damages in this action.[1] Among other arguments, the defendants contend that the action is barred under the principles

---

[1] In his complaint, Penn also requested that the Court order the defendants to produce the evidence. Nothing in the pleadings or papers, however, allows a reasonable inference that such relief could be afforded.

announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In *Heck*, the Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87, 114 S.Ct. at 2372 (footnote omitted).  Applying this principle to Penn's action, the defendants are entitled to judgment.  Even if the Court were to hold that Penn's constitutional rights were violated by any post-trial destruction of evidence in this case, and the Court in no way implies that it would in this case,[2] such a holding would necessarily call into question the validity of Penn's conviction.  *Cf. id*. at 479, 490, 114 S. Ct. at 2368, 2374 (holding that allegation of knowing destruction of exculpatory evidence relevant to the plaintiff's charges necessarily implied the invalidity of the underlying conviction); *Moore v. Novak*, 146 F.3d 531, 536 (8th Cir. 1998) (same);

---

[2] The Supreme Court requires a showing of bad faith on the part of the government when confronted with allegations of improper destruction of potentially exculpatory evidence relevant to a criminal defendant's charge.  The Court held that the "failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant" does not constitute a denial of due process unless the criminal defendant can show that the police or prosecution acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S. Ct. 333, 337, 102 L. Ed. 2d 281 (1988). Although this standard arose in the context of pre-trial destruction of evidence, a similar, or perhaps even more stringent, standard would seemingly apply when the destruction takes places long after the criminal defendant's conviction and appeal.

*Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (same).

Since Penn has not shown that his state court conviction has been reversed, expunged, invalidated, or otherwise called into question, his action is barred under § 1983.  Accordingly, the defendants' motion to dismiss is granted.  In light of this ruling, the Court does not address the alternative grounds for dismissal offered by the defendants, except to say that the Little Rock Police Department is not a "person" subject to suit under § 1983 and is entitled to judgment for this additional reason.  *Cross v. Cleaver*, 142 F.3d 1059, 1063 (8th Cir. 1998); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

IT IS SO ORDERED this  17th  day of October, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE